IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA     )
                               )
         v.             ) Criminal No. 06-206
                               )
ARTHUR B. GODSON, IV       )

<u>MEMORANDUM AND ORDER OF COURT</u>

Defendant Arthur B. Godson, IV, ("defendant") has been
charged in a one-count indictment with possession of a firearm by
a convicted felon in violation of 18 U.S.C. §§922(g)(1) and
924(e). Presently before the court are numerous discovery motions
filed by defendant, specifically, a motion for discovery and
inspection pursuant to Rule 16 of the Federal Rules of Criminal
Procedure (Document No. 24), a motion for preservation and
production of agents rough notes and reports of interviews
(Document No. 26) and a request for notice of the government's
intention to use evidence of other crimes, wrongs or acts pursuant
to Rule 404(b) of the Federal Rules of Evidence. (Document No.
28). The government has filed an omnibus response to defendant's
motions. (Document No. 30).

Generally, governmental disclosure of evidence in criminal
cases is governed by Fed.R.Crim.P. 16(a)(1). The United States
Court of Appeals for the Third Circuit has recognized that
discovery in criminal cases is limited to those areas delineated
in Rule 16(a)(1), "with some additional material being
discoverable in accordance with statutory pronouncements and the

due process clause of the Constitution." <u>United States v. Ramos</u>, 27 F.3d 65, 68 (3d Cir. 1994). As a general matter, these other areas are limited to the Jencks Act (18 U.S.C. §3500) and materials available pursuant to the "<u>Brady</u> doctrine." <u>Id</u>.

Under Fed.R.Crim.P. 16(a)(1), upon a defendant's request, the government must produce the following information: (1) defendant's oral statements made in response to interrogation by a person defendant knew was a government agent, as well as defendant's written and recorded statements (Rule 16(a)(1)(A) and (B)); (2) defendant's prior record (Rule 16(a)(1)(D)); (3) documents and objects the government intends to use in its case-in-chief at trial or that were obtained from defendant (Rule 16(a)(1)(E)); (4) reports of physical or mental examinations and any scientific tests or experiments (Rule 16(a)(1)(F)); and (5) a summary of expert testimony the government intends to use, including the witness' opinions, the basis and reasons for those opinions and the witness' qualifications (Rule 16(a)(1)(G)).

However, unless Rule 16(a)(1) provides otherwise, the rule does <u>not</u> authorize the discovery of internal government documents made by counsel for the government or other government agents in connection with investigating or prosecuting the case, nor does the rule authorize discovery of statements made by prospective government witnesses except as provided in the Jencks Act. <u>See</u> Fed.R.Crim.P. 16(a)(2).

2

Defendant's discovery motion seeks 23 enumerated paragraphs of discovery material under Rule 16. The court has considered each of these requests and will grant in part and deny in part defendant's motion as set forth in the order which follows.

The Jencks Act, 18 U.S.C. §3500(b), requires the government to disclose prior recorded statements of its witnesses, when related to the subject matter of their testimony, after each witness testifies on direct examination. <u>United States v. Weaver</u>, 267 F.3d 231, 245 (3d Cir. 2001). According to 18 U.S.C. §3500(a), "no statement or report in the possession of the United States which was made by a government witness or prospective government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection <u>until said witness has testified on direct examination in the trial of the case</u>."

There is no authority by which courts can order the government to provide Jencks Act statements prior to the time a witness has testified on direct examination at trial. Here, however, the court will enter an order encouraging the government to provide defendant with Jencks Act materials one week prior to trial.

In addition to Rule 16 material and Jencks material, defendant seeks disclosure of all exculpatory evidence as well as impeachment evidence that would tend to detract from the credibility of any government witness' testimony, pursuant to

3

<u>Brady v. Maryland</u>, 373 U.S. 83 (1963) and it's progeny, including <u>Kyles v. Whitley</u>, 514 U.S. 419 (1995) (government obligated to disclose favorable evidence known to others acting on the government's behalf, such as police).

It is well settled that the government's obligations under <u>Brady</u> require it to disclose actual exculpatory evidence without undue delay. In contrast, <u>Brady</u> impeachment material ordinarily must be disclosed "in time for its effective use at trial." <u>United States v. Higgs</u>, 713 F.2d 39, 44 (3d Cir. 1983). Thus, to the extent the government possesses any exculpatory <u>Brady</u> evidence, such evidence shall be disclosed to defendant forthwith. As to <u>Brady</u> impeachment evidence, given the nature of this case, it appears that disclosure of such material one week prior to trial is sufficient to protect defendant's due process rights and ensure that trial delay is avoided. Accordingly, an order will be entered to that effect.

Defendant also has filed a motion for preservation and production of agents rough notes and reports of interviews. The government has indicated that it is aware of its obligation to retain these materials pursuant to <u>United States v. Ramos</u>, 27 F.3d 65 (3d Cir. 1994), <u>Ammar v. United States</u>, 714 F.2d 238 (3d Cir. 1983) and <u>United States v. Vella</u>, 562 F.2d 275 (3d Cir. 1977). Accordingly, the court will enter an order granting the motion and requiring the government to preserve any such materials.

4

Finally, defendant has filed a request for notice of the government's intent to use at trial evidence of other bad acts. Fed.R.Evid. 404(b) provides that evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show action in conformity therewith, but may be admissible for other enumerated purposes, provided that, upon request by the accused, the government shall provide reasonable notice in advance of trial of the general nature of any such evidence it intends to introduce at trial.

In response to defendant's motion, the government has acknowledged its responsibility to provide advance notice of the general nature of any other crimes, wrongs or acts it intends to offer at trial but avers that at this time it does not anticipate offering any such evidence.    However, the court will grant defendant's motion and enter an order requiring the government to provide, no later than one week prior to trial, notice of the general nature of any Rule 404(b) evidence that it may intend to offer if the government subsequently decides to offer any such evidence.

An appropriate order will follow.

<u>ORDER OF COURT</u>

AND NOW, this *20th* day of November, 2006, the court having considered the specific discovery requests enumerated in the pretrial discovery motions filed by defendant Arthur B. Godson,

5

IV, in the above-referenced case, and the government's response thereto, IT IS ORDERED that

1)   The government disclose all evidence <u>Brady</u> exculpatory material forthwith;

2)   The government disclose all <u>Brady</u> impeachment material and Rule 16(a) material no later than one week prior to trial;

3)   The government disclose all Jencks material in accordance with 18 U.S.C. §3500(b), but with encouragement to disclose such material no later than one week prior to trial; and,

IT FURTHER IS ORDERED that defendant's motion for discovery and inspection pursuant to Rule 16 of the Federal Rules of Criminal Procedure (Document No. 24) be, and the same hereby is, **granted in part and denied in part** as follows:

A)   ¶ 1 of defendant's motion is granted to the extent it seeks <u>Brady</u> and/or Jencks Act material, which shall be disclosed as set forth in ¶¶ 1-3 of this order, but is denied in all other respects;

B)   ¶ 2 of defendant's motion is granted and such evidence shall be disclosed as set forth in ¶¶1 and 2 of this order;

C)   ¶ 3 of defendant's motion is granted to the extent it seeks defendant's oral statements made in response to interrogation by a person defendant knew was a government agent, and such oral statements shall be disclosed forthwith, but is denied in all other respects;

D)   ¶ 4 of defendant's motion is granted to the extent it seeks Jencks Act material, which shall be disclosed as set forth in ¶ 3 of this order;

E)   ¶ 5 of defendant's motion is granted and any grand jury testimony of defendant shall be disclosed immediately and any grand jury transcripts of any potential government witnesses shall be disclosed

6

with other Jencks Act materials as set forth in ¶ 3 of this order;

F)    ¶ 6 of defendant's motion is granted and such evidence shall be disclosed as set forth in ¶¶ 1 and 2 of this order;

G)    ¶¶ 7 and 8 of defendant's motion are denied as being irrelevant to the present case and/or beyond the scope of permissible discovery under Rule 16(a) and/or the Jencks Act;

H)    ¶ 9 of defendant's motion is granted and such evidence shall be disclosed as set forth in ¶2 of this order;

I)    ¶ 10 of defendant's motion is denied as the government is not automatically required to disclose the names of its witnesses in non-capital cases, see <u>United States v. Addonizio</u>, 451 F.2d 49, 62 (3d Cir. 1972);

J)    ¶¶ 11 and 12 of defendant's motion are granted solely to the extent they seek <u>Brady</u> exculpatory material, which shall be disclosed as set forth in ¶ 1 of this order, but are denied in all other respects;

K)    ¶ 13 of defendant's motion is granted to the extent it seeks <u>Brady</u> impeachment material, which shall be disclosed as set forth in ¶2 of this order;

L)    ¶ 14 of defendant's motion is granted and such information shall be disclosed as set forth in ¶¶1-3 of this order;

M)    ¶ 15 of defendant's motion is granted to the extent it seeks <u>Brady</u> and/or Jencks Act material, which shall be disclosed as set forth in ¶¶ 1-3 of this order;

N)    ¶ 16 of defendant's motion is granted to the extent it seeks Jencks Act material, which shall be disclosed as set forth in ¶ 3 of this order, but is otherwise denied as the names and addresses of any individual who has knowledge of the facts of the case but whom the government does not

7

intend to call as a witness are not required to be disclosed either under Fed. R. Crim. P. 16 or Brady. See e.g., United States v. Vastola, 670 F.Supp. 1244, 1268 (D.N.J. 1987);

O)   ¶ 17 of defendant's motion is granted and such information shall be disclosed as set forth in ¶ 3 of this order;

P)   ¶ 18 of defendant's motion is granted to the extent it seeks Brady material, which shall be disclosed as set forth in ¶¶ 1-2 of this order, but is denied in all other respects;

Q)   ¶ 19 of defendant's motion is granted and such information shall be disclosed as set forth in ¶ 2 of this order;

R)   ¶ 20 of defendant's motion is granted to the extent it seeks material that falls within the scope of Rule 16(a), and such information shall be disclosed as set forth in ¶ 2 of this order, but is denied in all other respects;

S)   ¶ 21 of defendant's motion is granted to the extent it seeks Brady material or material otherwise discoverable under Rule 16(a), which shall be disclosed as set forth in ¶¶1 and 2 of this order, but otherwise is denied to the extent it seeks material irrelevant to the present case and/or beyond the scope of permissible discovery under Rule 16(a) and/or the Jencks Act

T)   ¶ 22 of defendant's motion is granted to the extent it seeks Brady material, which shall be disclosed as set forth in ¶¶ 1 and 2 of this order, but is denied in all other respects;

U)   ¶ 23 of defendant's motion is granted and such information shall be disclosed as set forth in ¶ 3 of this order; and,

IT   FURTHER   IS   ORDERED   that   defendant's   motion   for preservation and production of agents rough notes and reports of interviews (Document No. 26) be, and the same hereby is, **granted**,

8

and the government shall preserve and retain any such rough notes and reports of interviews; and,

IT FURTHER IS ORDERED that defendant's request for notice of the government's intention to use evidence of other crimes, wrongs or acts pursuant to Rule 404(b) of the Federal Rules of Evidence be, and the same hereby is, **granted**, and the government shall provide notice of the general nature of any Rule 404(b) evidence, if any, which it may intend to offer no later than one week prior to trial.

Gustave Diamond
United States District Judge

cc:  Margaret E. Picking
     Assistant U.S. Attorney

     Thomas R. Ceraso, Esq.
     2300 Freeport Road
     Suite 7
     New Kensington, PA 15068

9