IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 06-206 |
| ) | |
| ARTHUR B. GODSON, IV ) | |

MEMORANDUM AND ORDER OF COURT

Presently before the court is a motion for return of property filed by Arthur B. Godson IV ("petitioner"). The government has filed a response opposing the motion. For the reasons set forth below, the motion will be denied.

On June 8, 2006, a grand jury returned a one-count indictment against petitioner charging him with possession of a firearm by a convicted felon. After petitioner's first trial ended in a mistrial, he was re-tried and, on April 27, 2007, a jury returned a verdict of guilty. On August 2, 2007, petitioner was sentenced to a term of imprisonment of 240 months. Petitioner's conviction and sentence subsequently were affirmed on appeal.

The charge against petitioner arose from his arrest on August 14, 2004, following a traffic stop conducted by officers of the Arnold (Pennsylvania) Police Department who were conducting a DUI checkpoint. A Ford Expedition being operated by petitioner approached the checkpoint and was stopped. An officer observed a pistol in plain view on the back seat. After exiting the vehicle, petitioner began to run and a pursuit ensued.

Petitioner eventually was apprehended with the assistance of a police dog. A search of petitioner resulted in the seizure of $2,248.00 in cash as well as a small amount of cocaine. A fully loaded black semiautomatic 9-millimeter pistol was recovered from the rear seat of the vehicle.

Petitioner has filed a motion pursuant to Fed.R.Cr.P. 41(g) seeking the return of the $2,248.00 seized from his person by the Arnold Police during the traffic stop. Defendant contends that the money was "derived from a legitimate source" and that he earned it from his job as a mechanic and from playing a slot machine and shooting pool. The government opposes the motion on the ground that the currency continuously has remained in the possession of the Arnold Police Department, not the federal government, since its seizure on August 14, 2004.

Fed.R.Crim.P. 41(g) provides in pertinent part:

> A person aggrieved . . . by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

It is well settled that "[p]roperty seized by the government as part of a criminal investigation 'must be returned once criminal proceedings have been concluded, unless it is contraband or subject to forfeiture.'" United States v. Albinson, 356 F.3d 278, 280 (3d Cir. 2004).

Here, however, the government does not possess the property sought to be returned and indeed there is no evidence that the money ever was in the actual or constructive possession of the United States. The currency was seized by the Arnold Police Department following a routine traffic stop and there is no evidence that the money was transferred at any time to the federal government. Nor was the currency offered or admitted as evidence at petitioner's trial by the federal government.

Because the United States is not, and never has been, in possession of the currency at issue, it is not the appropriate party from which to request its return. United States v. Solis, 108 F.3d 722, 723 (7th Cir. 1997)(Rule 41(g) motion properly denied where federal government had never been in possession of vehicle seized by county sheriffs); see also United States v. Smith, 253 Fed. Appx. 242, 243 (3d Cir. 2007)(affirming denial of motion for return of money seized by state police officers after traffic stop where money never transferred to federal government); United States v. Marshall, 338 F.3d 990, 994-95 (9th Cir. 2003)(vehicles never in federal possession or control not proper subject of motion for return). Accordingly, petitioner's motion for return of property will be denied.

An appropriate order will follow.

Dated: April 4, 2011

Gustave Diamond
United States District Judge

<u>O R D E R</u>

AND NOW, this 4th day of April, 2011, for the reasons set forth above, IT IS ORDERED that petitioner's motion for return of property (Document No. 85) be, and the same hereby is, **denied**.

_/s/ Gustave Diamond_
Gustave Diamond
United States District Judge

cc: Margaret E. Picking
    Assistant U.S. Attorney

    Arthur B. Godson IV